UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MALIK M. NICHOLAS,

                Plaintiff,

        -against-

METROPOLITAN CORRECTIONAL CENTER
NEW YORK; AND CORRECTIONAL OFFICER
A. SAMROU,

                Defendants.

23-CV-10626 (JPO)

ORDER OF SERVICE

---

J. PAUL OETKEN, United States District Judge:

Plaintiff, who was previously detained at the Metropolitan Correctional Center ("MCC"), brings this action, *pro se*, under the Federal Tort Claims Act ("FTCA"), alleging that Correction Officer A. Samrou failed to protect Plaintiff, causing Plaintiff to be injured. By order dated March 6, 2024, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

## DISCUSSION

**A.**    **FTCA**

"The proper defendant in an FTCA claim is the United States . . . ." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). In light of Plaintiff's *pro se* status, the Clerk of Court is directed to substitute the United States as a Defendant in place of the Metropolitan Correctional Center. *See* Fed. R. Civ. P. 21.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

B.     **Service on the United States**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant the United States through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this Defendant. **Because the United States is a federal defendant, the Clerk of Court is further instructed to mark the box on the USM-285 form labeled "Check for service on U.S.A."** The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the United States.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

### C. Correction Officer A. Samrou

Plaintiff seeks to assert claims against Defendant A. Samrou, who was employed at MCC, which is now closed. Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the United States Attorney's Office to identify A. Samrou. It is therefore ordered that the United States Attorney's Office, which is the attorney for and agent of MCC, must ascertain the identity of Defendant A. Samrou whom Plaintiff seeks to sue here and the address where the Defendant may be served. The United States Attorney's Office must provide this information to the Court within sixty days of the date of this order.

Within thirty days of receiving this information, the Court will issue an order directing the Clerk of Court to complete the USM-285 form with the address for A. Samrou and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to substitute the United States as a Defendant in place of the Metropolitan Correctional Center. *See* Fed. R. Civ. P. 21.

The Clerk of Court is instructed to issue a summons for the United States, complete the USM-285 forms with the addresses for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service. **Because the defendant is a federal defendant, the Clerk of Court is further instructed to mark the box on the USM-285 form labeled "Check for service on U.S.A."**

The Clerk of Court is further instructed to mail a copy of this order and the complaint to United States Attorney's Office at: 86 Chambers Street, New York, New York 10007.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   March 8, 2024
         New York, New York

_____
J. PAUL OETKEN
United States District Judge

## DEFENDANT AND SERVICE ADDRESSES

United States

United States Attorney General, Southern District of New York
Civil Division
86 Chambers Street, Third Floor
New York, New York 10007

Attorney General of the United States
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-2000